**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Kristel A. Robinson** (SBN 212129)
213.328.7527 | krobinson@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
LVNV Funding LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN DELANEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LVNV FUNDING LLC d/b/a TRUEACCORD CORP.,<br><br>　　　　　　Defendant. | Case No.: 2:22-cv-03079-MCS-JEM<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant LVNV Funding LLC (erroneously sued as "LVNV Funding LLC d/b/a Trueaccord Corp.") ("Defendant"), by and through its undersigned counsel, hereby states its answer and affirmative defenses to the Complaint of Plaintiff Maureen Delaney ("Plaintiff"), as follows:

## INTRODUCTION[1]

1. Answering Paragraph 1, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law. Defendant further states that the referenced statutes speak for themselves.

2. Answering Paragraph 2, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law. Defendant further states that the referenced statutes speak for themselves.

3. Answering Paragraph 3, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law.

4. Answering Paragraph 4, Defendant admits that Plaintiff alleges claims against Defendant. Defendant denies that it does business as "TRUEACCORD CORP.," denies any express or implied allegation of wrongdoing, and denies that it caused Plaintiff damages. To the extent that Paragraph 4 contains any additional allegations, Defendant denies them.

5. Answering Paragraph 5, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should be considered denied.

— 1 —

CERTIFICATE OF SERVICE

6. Answering Paragraph 6, Defendant denies any express or implied allegation that it violated any statute(s). Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 6, and on that basis, denies them.

7. Answering Paragraph 7, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

8. Answering Paragraph 8, Defendant denies the allegations.

9. Answering Paragraph 9, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

10. Answering Paragraph 10, Defendant admits only that Plaintiff's Complaint attempts to allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant denies any express or implied allegation of wrongdoing and specifically denies violating these statutes.

### JURISDICTION AND VENUE

11. Answering Paragraph 11, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law.

12. Answering Paragraph 12, Defendant admits only that Plaintiff's Complaint attempts to allege violations of the FDCPA and RFDCPA. Defendant denies any express or implied allegation of wrongdoing and specifically denies violating these statutes.

13. Answering Paragraph 13, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law.

14. Answering Paragraph 14, the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law. Defendant specifically denies that it "engaged in debt collection communications with Plaintiff," denies any express or implied allegation of wrongdoing, denies that it caused injury to Plaintiff, and denies that it violated the RFDCPA. To the extent that Paragraph 14 contains any additional allegations, Defendant denies them.

## PARTIES

15. Answering Paragraph 15, Defendant admits that Plaintiff is a natural person. Defendant further states that the allegations of Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law. Defendant further states that the referenced statutes speak for themselves. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 15, and on that basis, denies them.

16. Answering Paragraph 16, Defendant admits that it is a Delaware limited liability company. Defendant further admits that some of the accounts owned by Defendant pertain to California residents. Defendant denies the remaining allegations of Paragraph 16.

17. Answering Paragraph 17, admits only that it acquires debt. Defendant further states that the allegations of Paragraph 17 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law. Defendant further states that the referenced statutes speak for themselves.

18. Answering Paragraph 18, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law. Defendant further states that the referenced statutes speak for themselves.

## FACTUAL ALLEGATIONS

19. Answering Paragraph 19, Defendant admits that Plaintiff is an individual. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 19, and on that basis, denies them.

20. Answering Paragraph 20, Defendant admits that that, at one time, the subject account was a Mercury Financial credit card account. Defendant states that the remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law. Defendant further states that the referenced statutes speak for themselves.

21. Answering Paragraph 21, Defendant admits that the subject account is delinquent.

22. Answering Paragraph 22, Defendant admits that it acquired the subject account.

23. Answering Paragraph 23, Defendant denies the allegations.

24. Answering Paragraph 24, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

25. Answering Paragraph 25, Defendant denies that counsel for Plaintiff contacted Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 25, and on that basis, denies them.

26. Answering Paragraph 26, Defendant denies that it ever sent an email to Plaintiff and denies any affiliation with the email address "melinda@email.truaccord.com." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that basis, denies them.

27. Answering Paragraph 27 and its subparagraphs, Defendant denies the allegations.

28. Answering Paragraph 28, Defendant denies the allegations.

29. Answering Paragraph 29, Defendant denies the allegations.

30. Answering Paragraph 30, Defendant denies the allegations.

31. Answering Paragraph 31, Defendant denies the allegations.

32. Answering Paragraph 32, Defendant denies the allegations.

33. Answering Paragraph 33, Defendant denies the allegations, and further denies that Plaintiff suffered any damages whatsoever.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692C OF THE FDCPA

34. Answering Paragraph 34, Defendant repeats, realleges, and incorporates by reference all other answering Paragraphs, as if set forth fully herein.

35. Answering Paragraph 35, Defendant denies the allegations.

36. Answering Paragraph 36, Defendant denies the allegations, and further denies that Plaintiff suffered any damages whatsoever.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788 et seq. (RFDCPA)

37. Answering Paragraph 37, Defendant repeats, realleges, and incorporates by reference all other answering Paragraphs, as if set forth fully herein.

38. Answering Paragraph 38, Defendant denies the allegations.

39. Answering Paragraph 39, Defendant denies the allegations, and further denies that Plaintiff suffered any damages whatsoever.

**PRAYER FOR RELIEF**

Answering Plaintiff's unnumbered paragraph requesting relief, and the bullet point subparagraphs therein, Defendant denies that Plaintiff is entitled to the requested relief as against Defendant, or any other relief whatsoever.

**TRIAL BY JURY**

40. Answering Plaintiff's demand for trial by jury, numbered Paragraph 40 of the Complaint, Defendant admits that Plaintiff requests a trial by jury.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. Defendant is entitled to a set-off against any award to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant's conduct was privileged or justified.

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Defendant specifically denies that it acted with any willfulness, oppression, or malice towards Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. If Plaintiff prevails against Defendant, Defendant's liability is limited to its own actionable segment of fault, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff did not suffer concrete harm and thus does not have Article III standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021) (Article III standing requires a concrete injury even in the context of a statutory violation).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Defendant states that Plaintiff's claims may be governed by a contractual mandatory arbitration provision contained in an agreement with the original creditor.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred in whole or in part because restricting the conduct complained-of constitutes an unconstitutional limitation on commercial speech under the First Amendment of the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing from Defendant by way of the Complaint;
2. For costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and

4. For such other and further relief as this Court may deem just and proper.

DATED: June 12, 2022.        YU | MOHANDESI LLP

By    */s/ B. Ben Mohandesi*
      B. Ben Mohandesi
      Attorneys for Defendant LVNV Funding LLC

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2022, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

DATED:  June 12, 2022

By  */s/ B. Ben Mohandesi*
B. Ben Mohandesi

— 1 —
CERTIFICATE OF SERVICE